# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MARRERO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>J. ZARAGOZA, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　/ | CASE NO.　 1:10-cv-509-LJO-MJS (PC)<br><br>ORDER SEVERING PLAINTIFF'S CLAIMS AND DIRECTING CLERK TO OPEN NEW CASES FOR PLAINTIFFS ROSE AND NOWLIN<br><br>(Doc. 1) |

　　　　Plaintiffs Edwin Marrero, Van Rose, and John Nowlin are federal prisoners proceeding pro se in this *Bivens* action. After reviewing the record in this action, the Court has determined that each Plaintiff should proceed separately on his own claims.

　　　　Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

　　　　In the instant action, all three Plaintiffs are in the custody of the Federal Bureau of Prisons but are currently housed in three different facilities. In this Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by

inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the Plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all three Plaintiffs will lead to delay and confusion.

Accordingly, the Court shall order Plaintiffs' claims severed. Plaintiff Marrero will proceed in this action, while Plaintiffs Rose and Nowlin will proceed in separate civil actions to be opened by the Clerk of the Court. Each Plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same magistrate judge assigned to the instant action. The Clerk of the Court shall make an appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of Plaintiffs Rose and Nowlin will be severed, each shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the Court with this order.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Marrero shall proceed as the sole plaintiff in case number 1:10-cv-509-LJO-MJS (PC);

2. The claims of Plaintiffs Rose and Nowlin are severed from the claims of Plaintiff Marrero;

3. The Clerk of the Court is directed to:

    a. Open two separate civil actions, one for Plaintiffs Rose and one for Nowlin;

    b. Assign the new actions to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new actions opened for

1 Plaintiffs Rose and Nowlin;

2    d.    Place a copy of the Complaint filed on March 22, 2010 in the instant
3 action in the new actions opened for Plaintiffs Rose and Nowlin;

4    e.    Send Plaintiffs Rose and Nowlin each an endorsed copy of the
5 Complaint, filed March 22, 2010, bearing the case number assigned to his own individual
6 action;

7    f.    Send Plaintiffs Rose and Nowlin each a civil rights complaint form; and

8    g.    Send Plaintiffs Rose and Nowlin each an application to proceed in
9 forma pauperis by a prisoner;

10   4.   Within thirty (30) days from the date of service of this order, Plaintiffs Rose
11 and Nowlin shall each file an amended complaint bearing his new case number and each
12 shall either pay the filing fee in full or submit a completed application to proceed in forma
13 pauperis bearing his new case number; and

14   5.   The failure to comply with this order will result in a recommendation that the
15 action be dismissed.

18 IT IS SO ORDERED.

19 Dated:   July 23, 2010         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE