# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MARRERO,<br><br>            Plaintiff,<br><br>      v.<br><br>J. ZARAGOZA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO.   1:10-cv-00509-LJO-MJS (PC)<br><br>FINDGINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 3)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Edwin Marrero ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff filed his Complaint on March 22, 2010. (ECF No. 1.) No other parties have appeared in the action.

Plaintiff filed a Motion for Preliminary and or Temporary Injunction with his Complaint. In his motion, Plaintiff seeks a court order demanding that federal prisons stop selling combination locks in their commissaries. He contends that the locks are frequently being used as assault weapons and causing life-threatening injuries.

1

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted).

Because Plaintiff seeks to have Defendants change the status quo, he is actually seeking a mandatory injunction. See Meghrig v. KFC Western, 516 U.S. 479, 484 (1996). The factors for consideration of a mandatory injunction are the same as for a preliminary injunction, but a mandatory injunction is subject to higher scrutiny. Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1339, 1403 (9th Cir. 1993). "When a mandatory injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party." Stanley v. University of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994).

Plaintiff's claim that the locks are being used as weapons and causing life-threatening injuries does not meet the legal prerequisite for a mandatory injunction at this stage in the proceedings. To succeed on the instant motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not met any of these criteria.

First, Plaintiff has not demonstrated that he is likely to succeed on the merits of his case. The fact that otherwise useful instruments are being misused as weapons does not

2

establish a likelihood that Plaintiff will succeed in efforts to have their sale banned. Second, Plaintiff does not state that he will suffer irreparable harm if the locks continue to be sold. In fact, he does not even indicate that he personally has suffered any harm because of the sale of the locks. Finally, Plaintiff does not address the balance of equities or the public interest components at all.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED.

The Court recognizes that Plaintiff's yet-to-be-screened Complaint also requests permanent injunctive relief halting the sale of combination locks in federal prisons. In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for such injunctive relief as outlined in the Complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991). See also Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

IT IS SO ORDERED.

Dated:   December 23, 2010              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE