1

2

3

4

5

6

7 # UNITED STATES DISTRICT COURT

8 ## EASTERN DISTRICT OF CALIFORNIA

9

10 EDWIN MARRERO,                          1:10-cv-00509-LJO-GSA-PC

11                 Plaintiff,              FINDINGS AND RECOMMENDATIONS,
                                           RECOMMENDING THAT THIS ACTION BE
12        v.                               DISMISSED FOR PLAINTIFF'S FAILURE TO
                                           OBEY A COURT ORDER
13 VAN A. ROSE, et al.,                    (Doc. 36.)

14                                         OBJECTIONS, IF ANY, DUE IN THIRTY
                 Defendants.               DAYS
15
                                    /
16

17        Edwin Marrero ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed

18 this civil rights action pursuant to Bivens v. Six Unknown Agents, 42 U.S. 388 (1971) on March 22,

19 2010.  (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an

20 order on December 8, 2011. dismissing Plaintiff's Complaint for failure to state a claim, with leave

21 to amend.  (Doc. 28.)  On March 12, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 34.)

22 The Court screened the First Amended Complaint and issued an order on June 29, 2012, dismissing

23 the First Amended Complaint for failure to comply with Local Rule 220, with leave to file a Second

24 Amended Complaint within thirty days.  (Doc. 36.)  Plaintiff has been granted two thirty-day

25 extensions of time to file the Second Amended Complaint.  (Docs. 38, 40.)  The deadlines have

26 expired, and Plaintiff has not complied with the Court's order or requested another extension of time.

27        In determining whether to dismiss this action for failure to comply with the directives set

28 forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

1

1   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

2   prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

3   policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th

4   Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

5       "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.

6   (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action

7   has been pending for more than two years.  Plaintiff's failure to respond to the Court's order may

8   reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue

9   to expend its scarce resources assisting a litigant who will not help himself by submitting an

10  amended complaint in compliance with Local Rules.  Thus, both the first and second factors weigh

11  in favor of dismissal.

12      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and

13  of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the

14  risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's

15  failure to follow Local Rules in the first instance and to respond to the Court's order in the second

16  instance that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

17      As for the availability of lesser sanctions, at this stage in the proceedings there is little

18  available to the Court which would constitute a satisfactory lesser sanction while protecting the

19  Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma

20  pauperis in this action, making monetary sanctions of little use, and given the early stage of these

21  proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the

22  dismissal being considered in this case is without prejudice, the Court is stopping short of issuing

23  the harshest possible sanction of dismissal with prejudice.

24      Finally, because public policy favors disposition on the merits, this factor will always weigh

25  against dismissal.  Id. at 643.

26      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

27  Plaintiff's failure to obey the court's order of June 29, 2012.

28  ///

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

3    after being served with these findings and recommendations, Plaintiff may file written objections

4    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

6    may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

7    1991).

8

9    IT IS SO ORDERED.

10   **Dated:**   **October 25, 2012**                   _____/s/ **Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28