# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWIN MARRERO, | ) | 1:10-cv-00509-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | REQUEST FOR COPIES |
| vs. | ) | (Doc. 50.) |
| | ) | |
| VAN A. ROSE, et al., | ) | ORDER DENYING MOTION FOR |
| | ) | LEAVE TO AMEND, WITHOUT |
| | ) | PREJUDICE |
| | ) | (Doc. 51.) |
| Defendants. | ) | |
| | ) | ORDER FOR CLERK TO SEND |
| | ) | PLAINTIFF A COPY OF HIS |
| | ) | DOCKET SHEET, A COPY OF THE |
| | ) | COURT'S ORDER OF NOVEMBER |
| | ) | 30, 2012 (Doc. 44), AND A § 1983 |
| | ) | COMPLAINT FORM |
| _____ | ) | |

## I.    BACKGROUND

Edwin Marrero ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens v. Six Unknown Agents</u>, 42 U.S. 388 (1971).  On March 28, 2013, Plaintiff filed a request for copies and a motion for leave to amend the complaint.  (Docs. 50, 51.)

## II.   REQUEST FOR COPIES

Plaintiff requests a copy of the Court's order (Order) issued on November 30, 2012. Plaintiff asserts that he never received a copy of the Order.  Plaintiff also requests a copy of the

docket sheet for this case.  Plaintiff expresses concern that he may not have received all of the mailings from the Court.

Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents.[1]  The Clerk charges $.50 per page for copies of documents.  See 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.  The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitled him to free copies of documents from the Court.  Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.  The Court's Order of November 30, 2012 is two pages long.  To request a copy at this juncture, Plaintiff would ordinarily be required to submit a request in writing to the Clerk, together with a sufficiently large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk.  However, in light of Plaintiff's concerns that he may not have received other mailings from the Court and may be uninformed about the status of his case, the Court shall make a one-time exception and provide Plaintiff with a free copy of the Court's Order of November 30, 2012.  Furthermore, good cause appearing, Plaintiff's request for a copy of the docket sheet for this case shall be granted.

## III.    MOTION TO AMEND

Plaintiff filed a "Motion for Leave of Amendment (*sic*) Evidence To Plaintiff's Amendment Bivens Civil Complaint" which the Court treats as a motion for leave to amend the Second Amended Complaint.  Plaintiff submits a declaration "in support of the issues/claims he raised not only within his already filed Amendment (sic) Bivens Complaint, but also every other motion he has filed before this court."  (Motion, Doc. 51 at 1.)  Plaintiff may not amend the complaint or his motions in this manner.

///

///

---

[1] According to the court record, Plaintiff was served with a copy of the Order on November 30, 2012 at his address of record at USP Hazelton.  (Doc. 44.)

2

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to add information to the Second Amended Complaint.  However, under Rule 220, Plaintiff may not amend the Second Amended Complaint by adding information piecemeal after the Complaint has been filed.  To add information or correct an error in the Second Amended Complaint, Plaintiff must file a new Third Amended Complaint which is complete within itself.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly, Plaintiff's motion for leave to amend shall be denied, without prejudice to renewal of the motion.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, because Plaintiff has previously amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.  Should Plaintiff seek to amend the complaint, he must file a new Motion to Amend and submit a proposed Third Amended Complaint, complete in itself.  The Clerk shall send Plaintiff a § 1983 complaint form for this purpose.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's request for copies is GRANTED;

2.      Plaintiff's motion for leave to amend is DENIED, without prejudice; and

///

3.      The Clerk is directed to send to Plaintiff:

        (1)      a copy of the Docket Sheet for this case,

        (2)      a copy of the Court's Order of November 30, 2012 (Doc. 44); and

        (3)      a § 1983 Complaint form.

IT IS SO ORDERED.

Dated:   **April 1, 2013**                    **/s/ Gary S. Austin**

                                             UNITED STATES MAGISTRATE JUDGE