UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MARRERO,<br><br>        Plaintiff,<br><br>   vs.<br><br>VAN A. ROSE, et al.,<br><br>        Defendants. | 1:10-cv-00509-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 55.)<br><br>ORDER EXTENDING TIME FOR PLAINTIFF TO EITHER:<br><br>  (1)  FILE A THIRD AMENDED COMPLAINT, OR<br><br>  (2)  NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON THE CLAIMS FOUND COGNIZABLE BY THE COURT<br><br>NEW DEADLINE: <u>AUGUST 26, 2013</u> |

**I.    BACKGROUND**

Edwin Marrero ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action Pursuant to <u>Bivens v. Six Unknown Agents</u>, 42 U.S. 388 (1971). This action was initiated by civil Complaint filed on March 22, 2010. (Doc. 1.)

On June 14, 2013, the court issued an order requiring Plaintiff to either (1) file a third amended complaint, or (2) notify the court of his willingness to proceed only on the claims found cognizable by the court. (Doc. 54.) On July 22, 2013, Plaintiff filed objections to the court's order. (Doc. 55.) The court treats Plaintiff's objections as a motion for reconsideration of the court's order.

## II.     MOTION FOR RECONSIDERATION

### A.     Legal Standard

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B.     Plaintiff's Motion

Plaintiff argues that the court's order should have allowed him an opportunity to file objections before he was required to comply with the order. Plaintiff disagrees with the court's assessment of his claims and seeks a different decision. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

Plaintiff's remedy at this juncture, as set forth in the court's order of June 14, 2013, is to either file a Third Amended Complaint curing the deficiencies identified in the court's order, or notify the court of his willingness to proceed with the claims found cognizable by the court. Plaintiff's case cannot proceed until the Court's requisite screening process is completed. The Court is required to screen complaints such as Plaintiff's for cognizable claims, pursuant to 28 U.S.C. § 1915, and the Court will not order service of process until Plaintiff is able to proceed with a complaint containing cognizable claims.

Plaintiff shall be granted additional time in which to comply with the court's order.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the court's order of June 14, 2013, is DENIED; and

2. Plaintiff is granted an extension of time until <u>August 26, 2013</u> in which to either:

    (1) file a Third Amended Complaint, pursuant to the court's order of June 14, 2013; or

    (2) notify the court of his willingness to proceed with the claims found cognizable in the court's order of June 14, 2013.

IT IS SO ORDERED.

Dated:   **July 24, 2013**                              **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE